UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOTISLA BEST,

                Plaintiff,

        -against-

NATASHA GODBY,

                Defendant.

23-CV-9042 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that her rights were violated in state court. By order dated May 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, Plaintiff's action is dismissed.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In her original complaint, Plaintiff identified herself as "Pro Se Arbitrator," and she named as Defendants "Unknown," "Self-Employed," "Non Taxpayer," "U. States Dept. of Justice," "I.R.S. Wages & Investments," and "No Other Defendants Needed." (ECF No. 1 at 1.) From October 20, 2023 through February 6, 2024, Plaintiff filed numerous letters, notices, and exhibits. On February 6, 2024, without direction from the Court, Plaintiff filed an amended complaint, naming the same Defendants as in her original complaint. From February 16, 2024 through June 18, 2024, Plaintiff filed several letters, a declaration, and a proposed consent order granting substitution of attorney. On July 1, 2024, again without direction from the Court, Plaintiff filed an amended complaint, naming Natasha Godby as the sole Defendant. Plaintiff identifies Defendant Godby as "Senior Deputy Counsel." (ECF No. 28 at 4.). A search of the internet, however, identifies that on November 29, 2021, Defendant Godby was the Deputy

Commissioner of Emergency and Intervention Services ("EIS") for the Human Resources Administration ("HRA"). *See* https://home.nyc.gov/assets/hra/downloads/pdf/news/testimonies/2021/DSS-testimony-Council-DV-Shelter-Hearing-11292021.pdf [https://perma.cc/5YEE-YMLV]. On July 8, 2024, Plaintiff filed a letter and requested that the letter "be used in conjunction with Amended complaint dated July 01, 2024." (ECF No. 29 at 1.)

Plaintiff alleges that her rights were violated in "Supreme Civil Court Manhattan County," from "October 2020 – July 1, 2024." Attached to the July 1, 2024 amended complaint are copies of decisions in a state-court action, against the Department of Homeless Services and HRA, pending under index number 1000935/2020, before Justice Debra A. James. (ECF No. 28 at 8-16, 20-22.) Plaintiff's letter includes copies of additional filings from the state court action. A review of the records of the New York State Unified Court system reveals that the state-court action was disposed of on November 24, 2021, and Plaintiff attaches a copy of that decision to her July 1, 2024 amended complaint. (*Id.* at 22.)

## DISCUSSION

### A.   Personal Involvement

Because Plaintiff alleges that Defendant violated her constitutional rights, the Court construes Plaintiff's claims as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim under Section 1983, a plaintiff must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under [Section] 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under [Section] 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff does not allege any facts describing how Defendant was personally involved in the events underlying her claims. Plaintiff does not even reference this Defendant in the body of the complaint. The Court therefore dismisses Plaintiff's claims against Natasha Godby for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     ***Rooker-Feldman* Doctrine**

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16 (1923), and *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

To the extent that Plaintiff is challenging a final state-court judgment and seeks an order from this Court vacating that judgement, her claim is for injuries "caused by the state-court judgment[s]." *Exxon*, 544 U.S. at 284. As Plaintiff cannot ask this Court to review or vacate state-court decisions, her claim for relief is barred under the *Rooker-Feldman* doctrine.

**C.    Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and as barred by the *Rooker-Feldman* doctrine. All requests are denied as moot, and all other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   September 5, 2024
         New York, New York

                                                                                   /s/ Laura Taylor Swain
                                                                                     LAURA TAYLOR SWAIN
                                                                             Chief United States District Judge